# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| ISAAC N. through his next friend Katy Saehler, and TONY S. through his next friend Leigh Truhe, for themselves and those similarly situated.<br><br>**Plaintiffs,**<br><br>    v.<br><br>JARED POLIS, in his official capacity as the Governor of Colorado; and MICHELLE BARNES, in her official capacity as Executive Director of the Colorado Department of Human Services<br><br>**Defendants.** | Civil Action No. 1:26-cv-01123<br><br>**MOTION FOR LEAVE TO**<br>**PROCEED UNDER PSEUDONYM** |

Plaintiffs move this Court for permission to proceed using pseudonymous names for the releasable detained children who are minor Plaintiffs in the above-captioned case and request that all public filings and references to minor Plaintiffs in this litigation, including in exhibits, use these pseudonymous names. Plaintiffs are minors who are detained in the State of Colorado's Division of Youth Services ("DYS"). Plaintiffs' civil rights class action complaint alleges that hundreds of children in DYS custody each year have experienced grave harm and continue to experience harm due to Defendants' ongoing constitutional and statutory violations.

1

Plaintiffs ask this Court to grant anonymity because the complaint and any subsequent filings will contain highly sensitive and personal information about children in state custody. Plaintiffs have a recognized interest in maintaining their privacy based on their status as children detained in the juvenile justice legal system and children with serious mental health needs. Plaintiffs seek to use pseudonyms to avoid the negative consequences the public may attribute to being detained in the juvenile justice system and to requiring psychological and psychiatric services.

Further, Defendants will not be prejudiced in their ability to litigate the claims at issue in this case, and the public's interest in knowing the identities of the Plaintiffs, which are currently unknown to the public, is minimal. Thus, this Court should protect the Plaintiffs' safety and privacy interests and grant this Motion.

## LEGAL STANDARD

Federal Rule of Civil Procedure 10(a) requires that the complaint "name all the parties." *See also* Fed. R. Civ. P. 17(a) ("An action must be prosecuted in the name of the real party in interest."). In the Tenth Circuit, however, plaintiffs are permitted to proceed anonymously under three independent circumstances: (1) cases involving matters of a highly sensitive and personal nature; (2) where there is a real danger of physical harm; or (3) where the injury litigated against would be incurred as a result of disclosure. *See Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000). When deciding whether a party can sue under a pseudonym, courts "weigh[] the plaintiff's claimed right to privacy against the countervailing public interest," and allow a plaintiff to proceed under a pseudonym where "the need for anonymity outweighs the public interest in favor of openness." *Jane Doe B.A.*, No. 18-2476-CM, 2019 WL 201741, at *2 (D. Kan. Jan. 15, 2019) (first

2

quoting *M.M. v. Zavaras*, 139 F.3d 798, 803 (10th Cir. 1998); then quoting *Raiser v. Brigham Young Univ.*, 127 F. App'x 409, 411 (10th Cir. 2005)).

### ARGUMENT

### 1. ANONYMITY IS WARRANTED UNDER *FEMEDEER*

The *Femedeer* factors weigh in favor of granting Plaintiffs' anonymity here. Moreover, the balance of equities favor proceeding under pseudonyms since the rights that Plaintiffs seek to protect by remaining anonymous do not prejudice Defendants' ability to litigate this case.

Pseudonyms are necessary to protect plaintiffs' highly sensitive and personal information. This case satisfies the first basis for anonymity recognized by the Tenth Circuit: matters of a "highly sensitive and personal nature." *Femedeer*, 227 F.3d at 1246. This case contains highly sensitive and personal information about the identities of Plaintiffs who are minor detained children. Their identities should be protected because they are minors and the sensitive subject matter at issue – including their juvenile justice involvement, private health information, and foster system involvement – is based exclusively on their experiences as minors.

Federal law and policy maintain personally identifying information for minors as confidential. *See, e.g.*, Fed. R. Civ. P. 5.2(a) (requiring redaction of "the name of an individual known to be a minor"). Courts consider the age of a plaintiff to be "a significant factor in the matrix of considerations arguing for anonymity" based on a recognition of the "special vulnerability" of minors. *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981); *see Douglas Cnty. Sch. Dist. RE-1 v. Douglas Cnty. Dep't of Pub. Health*, No. 21-CV-02818, 2021 WL 5106284, at *1 (D. Colo. Oct. 21, 2021) ("This case concerns children, and most of the information about them is protected medical data. I see no justifiable reason to require disclosure of their names, particularly because the case concerns 'matters of a highly sensitive and personal nature.'"

(quoting *Femedeer*, 227 F.3d at 1246)). Here, Plaintiffs are seeking protection given their special vulnerability as minors, as public disclosure of their identities would expose their medical information, foster system involvement, and detention status to the public.

Further, pseudonyms are necessary because the Plaintiffs would likely face social stigma and psychological harm if the public knew their identities. The Plaintiffs also risk retaliation if their identities are known to the public. The Plaintiffs' identities should further be protected because their case concerns matters of a sensitive and highly personal nature that could lead Plaintiffs to face stigma if publicly known. Plaintiffs' lawsuit addresses their private health information and treatment and its relationship to their detention status. Courts have recognized a constitutionally protected interest in avoiding disclosure of personal matters, including medical information. *Doe v. Beard*, 63 F. Supp. 3d 1159, 1164-65 (C.D. Cal. 2014) (collecting cases).

In particular, this case involves specific information about treatment ordered for Plaintiffs for their mental health disorders, information that is very private and public disclosure of which could be stigmatizing and traumatizing for them. *See Vitek v. Jones*, 445 U.S. 480, 492 (1980) (noting that confinement related to a mental health hospital "can engender adverse social consequences to the individual . . . [a] 'stigma'" that "can have a very significant impact on the individual") (citation omitted). In sum, Plaintiffs face a real risk of psychological harm and stigma if their identities were revealed.

### 2.  THE BALANCE OF EQUITIES FAVORS ANONYMITY

As courts in this District have recognized, the key inquiry in determining whether to permit pseudonymous litigation is whether a plaintiff's privacy interest outweighs the public's general right of access. "[T]he ultimate test for permitting a plaintiff to proceed anonymously is whether the plaintiff has a substantial privacy right which outweighs the customary and constitutionally

embedded presumption of openness in judicial proceedings." *Roe v. Catholic Health Initiatives Colorado*, No. 11–cv–02179, 2012 WL 12840, at \*5 (D. Colo. Jan. 4, 2012) (quotations omitted). Here, Plaintiffs' substantial privacy interests, including the highly personal nature of their age, medical, foster, and detention statuses and the risk of harm should their identities be disclosed, far outweighs any minimal public interest in knowing their identity.

The government, by contrast, would suffer no prejudice. Plaintiffs will provide their identities to Defendants, subject to protection against retaliation, and Plaintiffs will cooperate with the needs of Defendants and the Court. *See Does I–V v. Rodriguez*, No. 06-cv-00805, 2007 WL 684114, at \*2 (D. Colo. Mar. 2, 2007) (granting motion to proceed under pseudonyms despite defense concerns when plaintiffs agreed to participate in discovery).

The fact that the instant case is brought against the government also weighs in favor of permitting the Plaintiffs to prosecute this case using pseudonyms. *See, e.g.*, *Doe v. Frank*, 951 F. 2d 320, 323 (11th Cir. 1992) (whether plaintiffs are challenging governmental activity is a factor deserving consideration (citing *Stegall*, 653 F.2d at 185)).

Courts routinely permit pseudonymous filings in suits against the government, recognizing that unlike private parties, government defendants are not vulnerable to reputational or economic harm simply by being named in litigation. Courts have observed that it is more appropriate to allow plaintiffs to proceed anonymously when they are "pursuing a claim against the government," because "although the mere filing of a lawsuit against a *private party* may cause the defendant reputational and economic harm, such that fairness requires the identification of the plaintiffs, the *government* is not vulnerable to similar reputational harm . . . ." *Int'l Refugee Assistance Project v. Trump*, No. 17-cv-0361, 2017 WL 818255, at \*3 (D. Md. Mar. 1, 2017) (emphasis added); *see also EW v. New York Blood Ctr.*, 213 F.R.D. 108, 111 (E.D.N.Y. 2003) (noting that "[w]here a

plaintiff attacks governmental activity . . . the plaintiff's interest in proceeding anonymously is considered particularly strong").

In contrast to Plaintiffs' heightened interest in confidentiality, the public's interest in knowing Plaintiffs' identities is minimal. While the issues that Plaintiffs raise in this lawsuit are a matter of significant public concern, revealing Plaintiffs' identity will add little or nothing to the public's understanding of the lawfulness of the challenged government action. The public interest in this case centers on the legality of the government's practices, not on the identities of the individuals raising the challenge. *See Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068–69 (9th Cir. 2000) ("[P]arty anonymity does not obstruct the public's view of the issues joined or the court's performance in resolving them." (quoting *Stegall*, 653 F.2d at 185)).

The use of pseudonyms is the least restrictive method of ensuring Plaintiffs' privacy. Although Federal Rule of Civil Procedure 5.2(a)(3) entitles Plaintiffs, as minors, to use their initials rather than their full names, that protection is not sufficient to protect their privacy, as knowledgeable individuals would still be able to identify them with that information. Accordingly, Plaintiffs seek permission to use pseudonymous names instead. Taken together, the equities strongly support pseudonymity. Plaintiffs are not asking this Court to seal proceedings or withhold public filings; they seek only the limited and temporary protection of allowing vulnerable children to proceed under pseudonyms.

Allowing Plaintiffs to use pseudonymous names in publicly-filed documents would cause no prejudice to Defendants. Upon entry of a protective order, Plaintiffs' counsel will work with Defendants' counsel to ensure that Plaintiffs' identities are known to Defendants' counsel. *W.N.J. v. Yocom*, 257 F.3d 1171, 1172 (10th Cir. 2001) ("If a court grants permission [to file anonymously], it is often with the requirement that the real names of the plaintiffs be disclosed to

the defense and the court but kept under seal thereafter.") All that Plaintiffs seek in this motion is permission to use pseudonymous names in the publicly filed documents in this case. "Courts generally find little to no risk of unfairness to an accused defendant . . . where discovery does not appear to be inhibited by the plaintiff's desire to proceed anonymously." *Doe v. Cabrera*, 307 F.R.D. 1, 8 (D.D.C. 2014); *see also Doe No. 2 v. Kolko*, 242 F.R.D. 193, 198 (E.D.N.Y. 2006).

## CONCLUSION

For all the reasons stated, Plaintiffs respectfully request that the Court grant them leave to proceed under pseudonymous names and request all public filings and references to Plaintiffs in this litigation, including in exhibits, use pseudonymous names. The Court should also require the government to maintain the confidentiality of their identities and prohibit any retaliatory action.

Respectfully submitted this 18th day of March, 2026.

/s/ Stephanie Persson

**Children's Rights**
Stephanie Persson, N.Y. 5469648*
Ira Lustbader, N.Y. 2516946*
Stephen Dixon, La. 18185*
Micaela Heery-Hyatt, N.Y. 5742218*
Eleanor Roberts, N.Y. 5994652*
88 Pine Street, Suite 800
New York, NY 10005
Tel: (212) 683-2210
spersson@childrensrights.org
ilustbader@childrensrights.org
sdixon@childrensrights.org
mheeryhyatt@childrensrights.org
eroberts@childrensrights.org

**American Civil Liberties Union of Colorado**
Timothy R. Macdonald, Colo. 29180
Emma Mclean-Riggs, Colo. 51370

7

Sara Neel, Colo. 36904
Scott Medlock, Colo. 57210
303 E. 17th Avenue, Suite 350
Denver, CO 80203
Tel: (303) 777-5482
tmacdonald@aclu-co.org
emcleanriggs@aclu-co.org
sneel@aclu-co.org
smedlock@aclu-co.org

**Center for Legal Advocacy**
**D/B/A Disability Law Colorado**
Emily Harvey, Colo. 47188
1580 Logan Street, Suite 600
Denver, CO 80203
Tel: (303) 722-0300
eharvey@disabilitylawco.org

**ACLU National Prison Project**
Corene T. Kendrick, Cal. 226642*
Marisol J. Dominguez-Ruiz, Cal. 345416*
425 California Street, Suite 700
San Francisco, CA 94104
Tel: (202) 393-4930
ckendrick@aclu.org
mdominguez-ruiz@aclu.org

Nancy Rosenbloom, N.Y. 2168425*
125 Broad Street
New York, NY 10004
Tel: (202) 393-4930
nrosenbloom@aclu.org

David C. Fathi, Wash. 24893**
Elisa C. Epstein, IL 6349195**
Quinn Phillips, Mass. 717737**
915 15th Street, N.W.
Washington, D.C. 20005
Tel: (202) 393-4930
dfathi@aclu.org

8

eepstein@aclu.org
qphillips@aclu.org

**Ropes & Gray LLP**
Timothy R. Farrell, IL and N.Y. 6303276***
Nicholas Smith, IL 6327626***
191 North Wacker Drive, 32nd Floor
Tel: (312) 845-1209
Timothy.Farrell@ropesgray.com
Nicholas.Smith@ropesgray.com

*Admitted to D. Colo.
**Admitted to D. Colo. Not admitted in D.C.;
practice limited to federal courts.
***Application to bar for U.S. District Ct. for the
District of Colorado pending.

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on March 19, 2026, I filed Plaintiffs' Motion for Leave to Proceed Under Pseudonym via ECF. This motion will be served contemporaneously with service of the Complaint and Summons on the following parties. A formal Proof of Service is forthcoming.

Jared Polis
Governor of Colorado
200 E. Colfax
Denver, CO 80203-1716

Michelle Barnes
Executive Director
Colorado Department of Human Services
1575 Sherman St.
Denver, CO 80203

/s/ Stephanie Persson