IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-01123-GPG-CYC

JOHN DOE 1, through his next friend, and
JOHN DOE 2, through his next friend, for themselves and those similarly situated,

      Plaintiffs,

v.

JARED POLIS, in his official capacity as the Governor of Colorado, and
MICHELLE BARNES, in her official capacity as Executive Director of the Colorado
Department of Human Services,

      Defendants.

---

## MINUTE ORDER

**Entered by Cyrus Y. Chung, United States Magistrate Judge, on April 16, 2026.**

This matter is before the Court on the plaintiffs' Motion for Leave to Proceed Under Pseudonym, ECF No. 2. The defendants do not oppose the plaintiffs' request to proceed under pseudonyms and note that the "[p]laintiffs have provided [them] with the legal names of the individual Plaintiffs in this suit, subject to a confidentiality agreement." ECF No. 30 at 1.

While "[p]roceeding under a pseudonym in federal court is, by all accounts, an unusual procedure," exceptional circumstances can "warrant[ ] some form of anonymity in judicial proceedings." *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000) (quotation marks omitted). "Whether a plaintiff may proceed anonymously is subject to the discretion of the trial court." *Roe v. Heil*, No. 11-cv-01983-WJM-KLM, 2011 WL 3924962, at *1 (D. Colo. Sep. 7, 2011) (citing *M.M. v. Zavaras*, 139 F.3d 798, 800 (10th Cir. 1998)). The Tenth Circuit historically has looked to the Eleventh Circuit's jurisprudence regarding whether a plaintiff should be allowed to proceed anonymously. *See Femedeer*, 227 F.3d at 1246 (citing *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir.1992)); *M.M.*, 139 F.3d at 802–03 (same). In *Frank*, the Eleventh Circuit enumerated three contexts in which a pseudonym is appropriate: "matters of a highly sensitive and personal nature," cases involving a "real danger of physical harm," and instances "where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity." 951 F.2d at 324. Moreover, the Court must "weigh the public interest in determining whether some form of anonymity is warranted." *Femedeer*, 227 F.3d at 1246.

The Court agrees with the plaintiffs that this case involves "matters of a highly sensitive and personal nature," *Frank*, 951 F.2d at 324, and the fact that the plaintiffs are minors is "a significant factor in the matrix of considerations arguing for anonymity here." *Doe v. Segall*, 653

F.2d 180, 186 (5th Cir. 1981); *see* Fed. R. Civ. P. 5.2(a) (requiring redaction of "the name of an individual known to be a minor"). The fact that discovery in this case will include protected medical information further supports the Court's conclusion that the plaintiffs should be allowed to proceed using pseudonyms. *Douglas Cnty. Sch. Dist. RE-1 v. Douglas Cnty. Dep't of Pub. Health*, No. 21-cv-02818-JLK, 2021 WL 5106284, at *1 (D. Colo. Oct. 21, 2021).

Accordingly, to the extent it asks the Court to "grant them leave to proceed under pseudonymous names and [to require] all public filings and references to Plaintiffs in this litigation, including in exhibits, use pseudonymous names," ECF No. 8 at 7, the motion is **GRANTED**.

It is further ORDERED that the Clerk of the Court shall update the Court's docket to match the caption on this Minute Order and the parties shall only include the plaintiffs' pseudonyms on all filings going forward.

The motion also asks the Court to "require the government to maintain the confidentiality of their identities and prohibit any retaliatory action." *Id*. But the substance of the motion does not focus on this request, and the Court is not inclined to rule on an issue that has not been fully briefed by the parties. As a result, the Court declines to rule on this request at this time. Should this issue arise as the case proceeds, the plaintiffs may file a motion requesting this relief.

2