# EXHIBIT 15

DECLARATION OF ELIZABETH MARTINEZ

I, Elizabeth Martinez, swear under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following information is true and correct:

1. My name is Elizabeth Martinez. I am an attorney and Guardian Ad Litem for youth in Colorado.

2. I am a solo practitioner, and I have represented indigent children in my own practice for about thirty years. I contract with the Office of the Child's Representative.

3. I am an attorney in good standing in the State of Colorado, and I have practiced as an attorney for thirty-four years. I graduated from law school and passed the Colorado bar exam in 1992. I started in the Public Defender's office before subsequently opening my own practice.

4. Over ten years ago, I completed the National Association for Counsel for Children's training to become a Child Welfare Law Specialist. I have maintained that certification.

5. I mainly represent children in delinquency, dependency, and truancy cases, and have done so throughout my legal career.

6. I practice in Adams and Broomfield counties primarily.

7. Currently, I am assigned to represent 56 children in relevant proceedings. The numbers of children I represent vary over the course of any given year. Earlier this year, there was a point when I represented close to 70 clients. Usually, I represent between one and three children who have delinquency charges in any given month.

8. Over my career, I have represented well over 1,000 children in Colorado courts. In the past decade, I have represented about 63 children in delinquency proceedings as a Guardian Ad Litem.

**<u>Children Remain Incarcerated Due to a Lack of Services and Placements</u>**

9. In my work, I repeatedly represent children who have pending delinquency cases whom the juvenile court has deemed releasable to the community, but who remain in detention.

10. In the judicial district for Broomfield and Adams County, when the court issues an order in a delinquency case that says, "placement in lieu," that language generally means that that once there is a placement available then the child can be transferred and released to that placement immediately. Generally, in most of the orders I see, the court has not listed a particular placement in the order. If that order language is not accompanied by language specifying a type of placement, the court would allow the child to be placed in many types of placements. At times the order includes language that indicates the court recommends a specific type of placement. For example, if an order says, "placement in lieu" and "PRTF" this language could mean the child is releasable to a PRTF placement, meaning a Psychiatric Residential Treatment Facility. In that case, CDHS needs to find a higher-level placement for the child to release, and once the placement is found the child can be transferred there.

11. At times, I have seen "placement upon agreement of the parties," and it happens at times when the family is not ready to take the child home because they do not feel like there are enough services and supervision in place.

12. There have been instances where children are releasable but have to wait for a couple of weeks for an assessment to occur. In those instances, only after the assessment occurs, can the process of looking for placements start. Then often after the assessment, those children wait in detention for weeks while each placement in Colorado gets asked to place the child. Only once CDHS has looked at all places in Colorado, can CDHS start looking out of state. For some of these children, we go through months and months of meetings while looking for placements.

13. There are also sometimes when children cannot return to their families based on their charges or their family cannot accept a child without more supportive services. These children also remain in detention waiting for placements.

14. Most of my clients who struggle for a placement have mental health needs.

15. There have been times when clients who struggled with mental health spent many months at the detention center.

16. For a lot of my clients, even after they are finally accepted into placements, there is no bed available, so they must wait on a waitlist for a bed to become available.

17. I see a lot of kids get placed far from where they live in Colorado Springs and Pueblo, because the placements have long waitlists.

18. While these kids are waiting for placements that can accommodate their needs, I do not think they have access to regular therapy sessions. I do not think there are many mental health services available for these kids while in DYS detention

generally. Sometimes, these children struggle to get their prescriptions filled while in DYS custody.

19. When the judge orders an assessment, it's usually because a party requested it. The department in Broomfield generally does not want to be involved in assessments, but I ask for them to get involved, because DHS involvement makes the assessment go quicker. When DHS is involved, we can schedule a meeting, and all hear the recommendations together and it makes organization of next steps easier. But, in Broomfield, when DHS does not get involved, we do not get the meeting with the assessor quickly and the parent does not know how to navigate setting up a meeting. Sometimes when I request DHS get involved and the court agrees, DHS asks to withdraw, but I ask anyway because their involvement helps with timing and moving placement forward. However, in Adams County, DHS gets involved quickly. In the cases I've had in Adams County, I think the local DHS has been active in assessments.

20. In my experience, assessments take about two to three weeks, including the meeting to discuss recommendations.

21. I am not sure whether DHS is formally required to start any placement search during the assessment. It is my understanding that Adams County makes referrals for placement once they receive an order to investigate for placement from the Court.

22. Usually when we have meetings to review placement available for a child, we are provided with information on whether a placement will accept the child and if a placement will accept the child, how long the child must wait for a bed to be available at the placement.

Executed on the 17 of September, 2026, at Broomfield, Colorado.

Elizabeth Martinez

Elizabeth Martinez

Atty. Reg. # 21959