# EXHIBIT 24

# DECLARATION OF PHILLIP ROYBAL

I, Phillip Roybal, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct.

1. I make this declaration based on my own personal knowledge, and if called to testify, I could and would do so competently and truthfully on these matters.

2. I am the Director of Community and Policy Advocacy and a Community Mentor at Fully Liberated Youth (FLY), a non-profit that serves system-involved youth in the Denver area.

3. FLY provides mentorship, therapy, case management, and other holistic support services to young people who are involved in the juvenile delinquency system. FLY works specifically with youth in detention and those leaving detention through therapeutic relationships, youth advocacy, and connections to community resources. FLY provides community-based intervention and family services, and it also works toward broader system change by advocating for policies that limit young people's entanglements with the criminal legal system.

4. In my role at FLY, I provide direct service by mentoring youth, and I plan and support broader advocacy efforts that advance the organization's strategic goals. I have spent years working in the juvenile justice space. In addition to my work at FLY, I previously served as the Youth Justice Organizing Manager at Colorado Circles for Change, in partnership with the National Center for Youth Law. As a result, I know Colorado's juvenile justice and detention system extremely well.

5. In my time working on juvenile delinquency issues, I have observed that Colorado lacks adequate services and placements for youth in detention and leaving detention. First, very few service options exist for pretrial/pre-adjudication youth in detention. Kids just sit in detention doing nothing. At one time, community organizations (including FLY) were permitted to enter detention and offer services. That has since ended. FLY formerly provided mentorship services for youth in detention. Secondly, there are not enough options and openings for youth to be released to when they leave detention. To make matters worse, the eligibility requirements are overly restrictive, and the state is not effective in helping youth find placements and services so that they can leave detention.

6. In the past, probation officers were allowed to think outside the box. I remember kids used to get set up with services at Joven Noble, a traditional rite-of-passage program rooted in Indigenous practices that used culture as a form of healing. Kids leaving detention no longer get to go to these types of community programs.

7. The biggest gap I have noticed is substance use treatment for kids leaving detention. Kids get released but do not have services for their substance problems, and then everyone just holds their breath, wondering what's going to happen to this kid. There's also a big lack of mental health treatment options.

8. I have worked with kids who are in detention and who have been told by a judge they can leave detention once placement or services are set up. These placements are very delayed and difficult to set up.

9. In my work, I have found that Colorado does not coordinate among agencies to resolve placement and services problems. The state does not communicate or partner with community organizations. Additionally, the state lacks a consistent approach to assessing youth who may need treatment or services. Across my time working at FLY and other youth-serving organizations, I have observed that Colorado and DHS lack policies, procedures, and resources to ensure youth are leaving detention on time.

10. Detention has a negative effect on kids I have worked with. For example, I have observed that when children are in detention, they miss school, experience stigmatization, and become traumatized. Detention deprives kids of meaningful relationships, childhood, memories, and resources. When judges decide children can be released, it is harmful to keep them there longer. Every day in detention means something to a young person.

11. Through my work, I have directly observed a recurring pattern in which children remain detained for extended periods due to delays in securing appropriate placements or services. There are broad systemic problems that the state needs to change. The state's lapses are harming children who need to leave detention. Colorado needs more community-based placement and services.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on the 1st day of October, 2026, in Denver, Colorado.

Phillip Roybal