# EXHIBIT 28

# DECLARATION OF DANI DIERCKS FARRELL

I, Dani Diercks Farrell, hereby declare under the penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and accurate.

1. I make this declaration based on my personal knowledge and if called to testify, I could and would do so competently and truthfully to these matters.

2. I am Guardian ad Litem (GAL), Counsel for Youth (CFY), and Child Legal Representative (CLR) with Diercks Law. I am also an adjunct professor in juvenile law at University of Denver, Sturm College of Law.

3. I hold the following certifications and trainings: Child and Family Investigator (CFI) Certification training; Mental Health First Aide Certification; Trust Based Relational Intervention Certification; and Child Welfare Legal Specialist Certification (pending). I also hold a Master of Social Work from University of Denver (2009) and a Juris Doctorate from University of Denver (2009).

4. I am an attorney in good standing in the State of Colorado, practicing here since 2010. I specialize in the practice of juvenile law in the following areas: dependency and neglect, delinquency, truancy, adoption, underage marriage, direct files, and problem-solving court regarding human trafficking and substance misuse.

5. I primarily practice in Denver County juvenile courts but have practiced in surrounding counties as well, including but not limited to: Weld, Lake, Eagle, El Paso, Jefferson, Douglas, Adams, and Las Animas. I estimate that in the past sixteen years, I have represented thousands of children, approximately 500 a year, in Colorado juvenile court.

6. In my practice, I have often represented youth who the juvenile court has found releasable to the community yet remain in detention.

7. In my practice, I have observed judges use different language to indicate that a youth is "releasable" —meaning that there is no judicial finding that a youth is a danger to the community or a flight risk, or that placements or services could reasonably mitigate such a risk. Examples of "releasable" language are: "releasable upon agreement of certain professionals," "placement in lieu," "PR bond to the Department of Human Services." This is also problematic as many of these orders are essentially a no bond hold in practice.

8. In my experience, there are not many options for youth who do not have a safe home and need foster care or qualify for a higher level of residential care (QRTP). Thus, as a result, they wait in detention for weeks or months. I represent approximately ten children a year who are found to be releasable but get stuck in detention. I have seen many others struggle to find placement or services for their releasable clients as well.

9. In my experience, these delays disproportionately affect children who are dependents in the foster care system and children with disabilities, such as PTSD, oppositional defiance disorder, and ADHD. It is concerning that the sole entity filing out the placement packet for a youth is a caseworker who may or may not have had much interaction with the youth.

Executed on 17th of September 2026, at Aurora, Colorado.

/s/

Dani Diercks Farrell