# EXHIBIT 51

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| ISAAC N. through his next friend Kerry Simpson, TONY S. through his next friend Leigh Truhe, and VEGETA K. through his next friend Quentin Montemayor, for themselves and those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>JARED POLIS, in his official capacity as the Governor of Colorado; and MICHELLE BARNES, in her official capacity as Executive Director of the Colorado Department of Human Services<br><br>Defendants. | Civil Action No. 26-cv-1123 |

**<u>DECLARATION OF CORENE T. KENDRICK IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION</u>**

I, Corene T. Kendrick, hereby declare:

1. I am a Deputy Director of the National Prison Project ("NPP") of the American Civil Liberties Union Foundation ("ACLU"). I make this declaration to describe the qualifications of NPP and its attorneys to serve as counsel for the proposed class and subclasses in this case. The following facts are based on my own personal knowledge, and if called as a witness, I could and would testify competently thereto.

**<u>The ACLU National Prison Project</u>**

2. The ACLU is a nationwide, nonprofit, nonpartisan organization with more than four million members and supporters across the country, and is dedicated to defending the principles of liberty, equality, and justice embodied in the Constitution and

this nation's civil rights laws. Throughout its more than 100-year history, the ACLU has been deeply involved in protecting the rights of incarcerated people.

3. The National Prison Project, or NPP, was founded in 1972 as a project of the ACLU's legal department, and is based in Washington, D.C. It has decades of experience in complex class action suits brought on behalf of people incarcerated in federal prisons and immigration detention centers, state adult and juvenile prisons, and local jails and juvenile detention facilities. NPP has represented incarcerated people in five cases before the U.S. Supreme Court, including arguing the seminal case of *Farmer v. Brennan*, 511 U.S. 825 (1994). Since its founding, NPP has litigated challenges to conditions of confinement in prisons, jails, immigration detention, and juvenile correctional facilities in almost every U.S. state, as well as the District of Columbia and the U.S. Virgin Islands.

4. Lawsuits in which NPP has been certified and appointed as class counsel since 2010 include, among others: *H.C.R. v. Mullin*, 825 F.Supp.3d 1267 (M.D. Fla. 2026) (challenge to lack of attorney access at the so-called "Alligator Alcatraz" ICE detention facility in Florida); *Gomez Ruiz v. U.S. Imm. & Customs Enf.*, No. 3:25-cv-09757-MMC, 2026 WL 391924 (N.D. Cal. Feb. 10, 2026) (challenge to conditions at the CoreCivic-operated immigration detention center in California City, California); *Barco Mercado v. Noem*, 800 F.Supp.3d 526 (S.D.N.Y. 2025) (challenge to abusive conditions and lack of attorney access at the 26 Federal Plaza ICE holding cells in New York); *Kingdom v. Trump*, No. 1:25-cv-00691, 2025 WL 1568238 (D.D.C. June 3, 2025) (challenge to Executive Order 14168, which prohibited any expenditure of federal funds

to provide gender affirming care to people in federal Bureau of Prisons custody); *Alex A. ex rel. Smith v. Edwards*, No. 3:22-cv-00573, 2023 WL 5628592 (M.D. La. Aug. 31, 2023) (challenge to practice of incarcerating children adjudicated delinquent in the former Death Row building at Louisiana State Penitentiary-Angola); *Favela Avendaño v. Asher*, No. 2:20-cv-00700, 2021 WL 1056113 (W.D. Wash. Mar. 18, 2021) (ICE detainees challenging detention facility's failure to protect from COVID); *Fenty v. Penzone*, No. 2:20-cv-01192 (D. Ariz. Nov. 13, 2020) (all people detained in Maricopa County Jail challenging failure to protect from COVID); *Lucero-Gonzalez v. Kline*, No. 2:20-cv-00901 (D. Ariz. Nov. 3, 2020) (U.S. Marshals Service detainees at Core Civic facility in Florence, Arizona, challenging lack of COVID protections); *Coreas v. Bounds*, No. 8:20-cv-00780, 2020 WL 5593338 (D. Md. Sept. 18, 2020) (ICE detainees challenging detention facility's failure to protect from COVID); *Malam v. Adducci*, 475 F. Supp. 3d 721 (E.D. Mich. 2020) (same); *Busby v. Bonner*, 466 F. Supp. 3d 821 (W.D. Tenn. 2020) (people detained in Shelby County Jail challenging failure to protect from COVID); *Augusto v. Moniz*, No. 1:20-cv-10685, 2020 WL 3051778 (D. Mass. June. 8, 2020) (ICE detainees challenging detention facility's failure to protect from COVID); *Yanes v. Martin*, 464 F. Supp. 3d 467 (D.R.I. 2020) (same); *Ahlman v. Barnes*, No. 8:20-cv-00835 (C.D. Cal. May 26, 2020) (people detained in Orange County Jails challenging failure to protect from COVID); *Gomes v. U.S. Dep't of Homeland Sec.*, 460 F. Supp. 3d 132 (D.N.H. 2020) (ICE detainees challenging detention facility's failure to protect from COVID); *Alcantara v. Archambeault*, 613 F. Supp. 3d 1337 (S.D. Cal. 2020) (same); *Teneng v. Trump*, Case No. 5:18-cv-01609 (C.D. Cal. filed Aug. 1, 2018) (case brought

against President Trump, BOP and ICE officials challenging the practice of incarcerating newly-arrived asylum seekers at a federal prison); *Parsons v. Ryan*, 289 F.R.D. 513 (D. Ariz. 2013), *aff'd*, 754 F.3d 657 (9th Cir. 2014) (health care and solitary confinement conditions in Arizona state prisons); *Rosas v. Baca*, 2012 WL 2061694 (C.D. Cal. June 7, 2012) (deputies' excessive use of force in Los Angeles County Jail facilities); aand *Henderson v. Thomas*, 913 F. Supp. 2d 1267 (M.D. Ala. 2012) (Alabama Department of Corrections' policy of segregating and stigmatizing HIV-positive incarcerated people).

5. NPP is committed to the vigorous, effective, and efficient prosecution of the interests of Plaintiffs and the proposed class and subclasses, a commitment that we have demonstrated in our representation of Plaintiffs in the proceedings to date in this matter. We have dedicated many hours and financial resources to the investigation and research of Plaintiffs' claims – including developing the factual record and legal issues underlying this case, performing legal research about potential claims and relief available to the Class and Subclasses.

6. NPP has dedicated, and will continue to commit, substantial resources to the representation of the Plaintiffs and the Class and Subclasses in this case.

7. Plaintiffs' counsel have agreed to act jointly as class counsel, if the Court so designates them.

**Corene T. Kendrick**

8. I am the Deputy Director of NPP, an attorney admitted to practice before the courts of the State of California, and admitted to this Court for this litigation. I am admitted to practice before the Central, Northern, and Eastern Districts of California,

before numerous federal district courts on a *pro hac vice* basis, and the U.S. Courts of Appeals for the D.C., Fourth, Fifth, Ninth, and Eleventh Circuits.

9. I received my J.D. in 2003 from Stanford Law School and was admitted to the California State Bar in November 2003. My entire legal practice for more than 20 years has focused on representing the constitutional and human rights of adults and children under the legal custody and control of the government, both correctional and child welfare agencies. Prior to joining NPP in 2020, I was a Staff Attorney at the Prison Law Office ("PLO") in Berkeley, California; Staff Attorney at the Youth Law Center in San Francisco; and a Skadden Fellow / Staff Attorney at Children's Rights in New York.

10. Recent cases where I have represented detained or incarcerated adults and children include: *H.C.R. v. Mullin*, 825 F.Supp.3d 1267 (M.D. Fla.) (attorney access at "Alligator Alcatraz"); *Jensen v. Thornell*, No. 2:12-cv-00601 (D. Ariz., 9th Cir.) (formerly known as *Parsons v. Ryan*), (health care and conditions of confinement in isolation units in Arizona state prisons); *Johnson v. L.A. Cnty. Sheriff's Dep't*, No. 2:08-cv-03515 (C.D. Cal.), *Rutherford v. Luna*, No. 2:75-cv-04111 (C.D. Cal.) and *Rosas v. Luna*, No. 2:12-cv-00428 (C.D. Cal.) (three cases related to disability accommodations, conditions of confinement ,and use of force in the Los Angeles County jail system, the largest in the United States); *Alex A. v. Edwards*, No. 3:22-cv-00573 (M.D. La., 5th Cir.) (challenge to practice of incarcerating children adjudicated delinquent in the former Death Row at Louisiana State Penitentiary- Angola); *Taylor v. Trump*, No. 1:25-cv-01161 (D.D.C.) (challenge to E.O. 14164, targeting formerly condemned men on federal death row with commuted sentences to be incarcerated in "monstrous" conditions of

confinement in BOP); *Kingdom v. Trump*, No. 1:25-cv-00691 (D.D.C., D.C. Cir.) (challenge to E.O. 14168, prohibiting gender affirming care for people in BOP custody); *Vail v. Dunleavy*, No. 3:25-cv-0086 (D. Alaska) (challenge to the Alaska Department of Corrections about the provision of medical, mental health, and dental care); *Hernandez v. County of Monterey*, No. 5:13-cv-02354 (N.D. Cal.) (challenge to the provision of health care, disability accommodations, and general conditions of confinement in Monterey County jails); *Duvall v. Moore*, No. 1:94-cv-02541-MJM (D. Md.) (challenge to health care in the Baltimore City Intake and Booking Center).

11. From 2011 to 2020, while at PLO in California, in addition to the *Jensen/Parsons* litigation described above, I worked on *Armstrong v. Newsom* (and previously *Armstrong v. Brown*), a class action brought under the Americans with Disabilities Act on behalf of people with disabilities in California state prisons, and several cases against California counties related to conditions in jails and detention centers. For eight years total at Youth Law Center (2005-11) and Children's Rights (2003-05), I worked on numerous impact litigation cases in federal and state courts across the country on behalf of children in foster care and juvenile justice systems, including advocacy focused on the legal rights of children with disabilities. While at YLC, I provided training and education to juvenile justice advocates, community-based organizations, and juvenile defense attorneys on conditions of confinement and decarceration of children in locked facilities, through projects funded by the Annie E. Casey Foundation and the John D. and Catherine T. MacArthur Foundation, and testified before the California Assembly and Senate on bills that affected at-risk youth.

**<u>David C. Fathi</u>**

12. My co-counsel and colleague David C. Fathi is the Director of NPP, and has held that position since 2010. He is admitted to the State Bars of Washington and California (inactive), and admitted to this Court for this matter. He also is admitted to the Western and Eastern Districts of Washington, the Northern, Eastern, and Central Districts of California, numerous federal district courts on a *pro hac vice* basis, the Supreme Court of the United States, and the U.S. Courts of Appeals for the D.C., Third, Fourth, Fifth, Seventh, Ninth, and Tenth Circuits.

13. Mr. Fathi received his J.D. from the University of California, Berkeley School of Law in 1988, and he also received a Certificate of Qualification in 1993 from the Committee of Canadian Law Deans (equivalent to a Canadian law degree).

14. For more than 35 years, Mr. Fathi has focused his legal career on complex litigation on behalf of incarcerated people, and civil rights and human rights advocacy. He served as the U.S. Program Director of Human Rights Watch in Washington, D.C. from 2007 to 2010; and was an attorney at NPP from 1990 to 1993 (Staff Attorney) and 2000 to 2007 (Senior Counsel). He was a Staff Attorney at Columbia Legal Services' Institutions Project in Seattle for four years, and practiced civil rights litigation as an articled student for one year at the British Columbia Public Interest Advocacy Centre, in Vancouver, Canada.

15. From 2012 to 2015, Mr. Fathi represented the ACLU in negotiations at the United Nations Commission on Crime Prevention and Criminal Justice, leading to the adoption of the U.N. Revised Standard Minimum Rules for the Treatment of Prisoners,

known as the “Nelson Mandela Rules.” He also has served as the Chair of the Board of Penal Reform International, a nongovernmental organization headquartered in the United Kingdom and the Netherlands, that works globally to uphold human rights for all people involved in criminal legal systems.

16. Mr. Fathi has been the author of numerous briefs (merits and amici) in cases before the U.S. Supreme Court related to the rights of incarcerated people, including: *Johnson v. California*, 543 U.S. 499 (2005) (amicus brief); *Overton v. Bazzetta*, 539 U.S. 126 (2003) (amicus brief); *Booth v. Churner*, 532 U.S. 731 (2001) (amicus brief); *Edwards v. Balisok*, 520 U.S. 641 (1997) (amicus brief); *Helling v. McKinney*, 509 U.S. 25 (1993) (amicus brief); *Denton v. Hernandez*, 504 U.S. 25 (1992) (amicus brief); *Hudson v. McMillian*, 501 U.S. 1 (1992) (principal briefs); *Rufo v. Inmates of Suffolk County Jail*, 502 U.S. 367 (1992) (amicus brief); *Wilson v. Seiter*, 501 U.S. 294 (1991) (principal briefs). He has argued cases involving the rights of incarcerated people before multiple federal courts of appeals, including *Parsons v. Ryan*, 754 F.3d 657 (9th Cir. 2014); *Shook v. El Paso County*, 386 F.3d 963 (10th Cir. 2004); *Jones-El v. Berge*, 374 F.3d 541 (7th Cir. 2004); and *Johnson v. Robinson*, 987 F.2d 1043 (4th Cir. 1993); and before the Supreme Court of Washington in *Tunstall v. Bergeson*, 141 Wn.2d 201 (2000).

**Marisol Domínguez-Ruiz**

17. My co-counsel and colleague, Marisol Dominguez-Ruiz, is a Staff Attorney at NPP. She graduated from Loyola Law School in 2022, was admitted to the State Bar of California that year, and joined NPP as a Justice Catalyst Fellow. As a fellow, Ms.

Dominguez-Ruiz's project focused on applying underused disability laws to challenge the use of solitary confinement of adults and children in carceral settings. In 2024, she became a staff attorney at NPP. Ms. Dominguez-Ruiz has been admitted to practice in the U.S. District Courts for the Northern, Eastern, and Central Districts of California, this Court in this matter, and the U.S. Courts of Appeals for the Third, Fourth, Fifth, Ninth, and Eleventh Circuits.

18. Ms. Dominguez-Ruiz's entire legal practice since graduating from law school has focused on representing the constitutional and human rights of adults and children who are under the legal custody and control of the government, both correctional and child welfare agencies, and people in immigration detention. Ms. Dominguez-Ruiz has worked on class actions challenging conditions of confinement on behalf of people in custody, including: *H.C.R. v. Mullin*, 825 F.Supp.3d 1267 (M.D. Fla. 2026) (attorney access at "Alligator Alcatraz"); *Gomez Ruiz v. U.S. Imm. & Customs Enf.*, No. 3:25-cv-09757-MMC, 2026 WL 391924 (N.D. Cal. Feb. 10, 2026) (challenge to conditions at the CoreCivic-operated ICE detention center in California City, California); *Johnson v. L.A. Cnty. Sheriff's Dep't*, No. 2:08-cv-03515 (C.D. Cal.), *Rutherford v. Luna*, No. 2:75-cv-04111 (C.D. Cal.) and *Rosas v. Luna*, No. 2:12-cv-00428 (C.D. Cal.) (three cases related to disability accommodations, conditions of confinement ,and use of force in the Los Angeles County jail system, the largest in the United States); *Alex A. v. Edwards*, No. 3:22-cv-00573 (M.D. La., 5th Cir.) (children adjudicated delinquent incarcerated at Louisiana State Penitentiary-Angola); *Vail v. Dunleavy*, No. 3:25-cv-00086 (D. Alaska) (challenge to the Alaska Department of Corrections' provision of

health care); *Jensen v. Thornell,* No. cv-12-00601-PHX-ROS) (challenge to Arizona state prisons' provision of health care and conditions of isolation)..

**Quinn Phillips**

19. My co-counsel and colleague Quinn Phillips is a Skadden Fellow at NPP, focused on youth detention and advocacy for youth who "cross over" from the dependency systems to delinquency systems. She is a 2025 graduate of Boston University School of Law, admitted to practice in the Commonwealth of Massachusetts that year. She previously spent five years working in youth detention diversion within restorative justice programming and several years teaching in medium-security prisons.

20. While at NPP, she has worked on class action cases, including this case, *Akari Angye v. ICE*, No. 3:26-cv-1515 (W.D. Tex.) (challenge to immigration detention conditions and medical care at Camp East Montana at Fort Bliss, Texas); and *Jensen v. Thornell,* No. cv-12-00601-PHX-ROS) (challenge to Arizona state prisons' provision of health care and conditions of isolation). Ms. Phillips is admitted to the U.S. District Courts for the Districts of Colorado and Massachusetts, and the U.S. Court of Appeals for the Eleventh Circuit.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 5, 2026, at San Francisco, California.

*/s/ Corene T. Kendrick*
Corene T. Kendrick