**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:26-cv-01123-GPG-CYC

ISAAC N. through his next friend Kerry Simpson,
TONY S. through his next friend Leigh Truhe, and
VEGETA K. through his next friend Quentin Montemayor,
for themselves and those similarly situated,

Plaintiffs,

v.

JARED POLIS, in his official capacity
as the Governor of Colorado,
and MICHELLE BARNES, in her official capacity
as Executive Director of the Colorado Department of Human Services,

Defendants.

---

**PLAINTIFFS' UNOPPOSED MOTION TO RESTRICT PUBLIC ACCESS TO EXHIBITS TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

---

Pursuant to D.C.COLO.LCivR 7.2, Plaintiffs respectfully move the Court for entry of an order permitting a Level 1 restriction of Exhibits attached to Plaintiffs' Motion for Class Certification, listed below (the "Exhibits"). In support, Plaintiffs state:

1. Pursuant to D.C.COLO.LCivR 7.1(a), counsel for Plaintiffs conferred with counsel for Defendants on Oct. 1, 2026, who indicated that Defendants do not oppose the relief requested by this Motion.

2. The Named Plaintiffs are children who are proceeding under pseudonym pursuant to Court order. Dkt. 36, 56.

3. On August 11, 2026, the Court entered a Stipulated Protective Order in this matter. Dkt. 71. The Protective Order requires any party "seeking to file or use CONFIDENTIAL information" in connection with a filing in this case to move the Court for a Level 1 restriction of that Confidential information. Id. ¶ 15.

4. Simultaneously with this Motion, Plaintiffs are filing their Motion for Class Certification, which attaches Exhibits consisting of the confidential juvenile court records and mental health records of the minor Named Plaintiffs. Plaintiffs have designated the Exhibits as Confidential pursuant to the Protective Order. Dkt. 71.

5. The Exhibits contain sensitive private information about the Named Plaintiffs, including information about their juvenile delinquency cases, their involvement in the foster system and their mental health diagnoses. Juvenile delinquency court records are not open to the public. Mental health records are likewise highly private and are typically accessible only to the patient and those individuals the patient has authorized.

6. The Court has previously recognized the need to restrict access to comparable materials in this case. On September 2, 2026, the Court granted Defendants' unopposed motion for a Level 1 restriction of Exhibits containing confidential juvenile court records related to the Named Plaintiffs, which Defendants had submitted with their Reply in Support of their Motion to Dismiss. Dkt. 74, 75, 80. On September 11, 2026, the Court similarly granted Plaintiffs' Unopposed Motion to Restrict Public Access to Portions of Plaintiffs' Sur-Reply and Declaration of Leigh Truhe, which referenced the same juvenile court records. Dkt. 84, 88.

*7.* Restriction here is likewise warranted. Although the public has a general interest in inspecting judicial records, that interest is not absolute and yields where countervailing interests outweigh it. *See Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007). Named Plaintiffs are minors whose juvenile court and mental health records are confidential by law and by the terms of the Protective Order. The federal rules reflect a similar concern for the privacy of minors. *See* Fed. R. Civ. P. 5.2(a)(3). Those interests outweigh the public's interest in inspecting the specific, individualized details contained in the Exhibits.

8. Restriction will not unduly burden the public's access to the legal system. The Exhibits contain individualized, personal information about five children, not information about the operation of public systems at issue in the litigation. Plaintiffs also request Level 1, the lowest level of restriction, which permits visibility to all parties and the Court. The Motion for Class Certification itself has been publicly filed.

9. No alternative to restriction is practicable. The Exhibits are the confidential records themselves, and the information they contain is necessary for the Court to evaluate the Rule 23 requirements at issue in the Class Certification Motion, including typicality and adequacy. Plaintiffs have limited the Exhibits to those necessary to support the Motion for Class Certification

**EXHIBITS TO BE FILED UNDER LEVEL 1 RESTRICTION**

| Exhibit No. | Exhibit Description |
|---|---|
| 16 | Quentin Montemayor Declaration, Sept. 11, 2026 (restricted) |
| 18 | Kerry Simpson Declaration, Sept. 18, 2026 (restricted) |
| 19 | Leigh Truhe Declaration, Aug. 31, 2026 (restricted) |
| 21 | Elise Miller Declaration, Sept. 30, 2026 (restricted) |
| 27 | Brittany Radic Declaration, Sept. 25, 2026 (restricted) |
| 29 | Otto O. Grievance to DYS facility (restricted) |
| 31 | Isaac N. Enhanced Standardized Assessment (ESA) (restricted) |
| 32 | Isaac N. Individualized Education Program (IEP) (restricted) |
| 33 | Isaac N. Grievance to DYS facility (restricted) |
| 34 | Tony S. Juvenile Court Order (restricted) |
| 35 | Tony S. Individualized Education Program (IEP) (restricted) |
| 36 | Tony S. Enhanced Standardized Assessment (ESA) (restricted) |
| 37 | Tony S. Grievance to DYS facility (restricted) |
| 38 | Vegeta K. Juvenile Court Order (restricted) |
| 39 | Vegeta K. Behavior Intervention Plan (restricted) |
| 40 | Vegeta K. IEP Review (restricted) |
| 41 | Vegeta K. Grievance to DYS facility (restricted) |
| 42 | Otto O. Letter from Licensed Professional Counselor (restricted) |
| 43 | Otto O. Juvenile Court Order (restricted) |
| 44 | Otto O. Individualized Education Program (IEP) (restricted) |
| 45 | Otto O. Assessment by Psychologist (restricted) |
| 46 | Otto O. Grievance to DYS facility (restricted) |
| 47 | Tyrone P. Juvenile Court Order (restricted) |

**WHEREFORE**, Plaintiffs respectfully request that the Court grant this Motion and enter an Order restricting access to the Exhibits and attached to Plaintiffs' Motion for Class Certification under Level 1 Restriction.

Dated: 10/07/2026

Respectfully submitted,

*/s/ Timothy R. Farrell*

**Ropes & Gray LLP**
Timothy R. Farrell, IL & N.Y. 6303276*
Nicholas Smith, IL 6327626*
Jashan Kashyap, IL 6346084*
191 North Wacker Drive, 32nd Floor
Tel: (312) 845-1209
Timothy.Farrell@ropesgray.com
Nicholas.Smith@ropesgray.com
Jashan.Kashyap@ropesgray.com

**Children's Rights**
Stephanie Persson, N.Y. 5469648*
Ira Lustbader, N.Y. 2516946*
Stephen Dixon, La. 18185*
Micaela Heery-Hyatt, N.Y. 5742218*
Eleanor Roberts, N.Y. 5994652*
88 Pine Street, Suite 800
New York, NY 10005
Tel: (212) 683-2210
spersson@childrensrights.org
ilustbader@childrensrights.org
sdixon@childrensrights.org
mheeryhyatt@childrensrights.org
eroberts@childrensrights.org

**American Civil Liberties Union of Colorado**
Timothy R. Macdonald, Colo. 29180

Emma Mclean-Riggs, Colo. 51370
Sara Neel, Colo. 36904
Scott Medlock, Colo. 57210
303 E. 17th Avenue, Suite 350
Denver, CO 80203
Tel: (303) 777-5482
tmacdonald@aclu-co.org
emcleanriggs@aclu-co.org
sneel@aclu-co.org
smedlock@aclu-co.org

**Center for Legal Advocacy**
**D/B/A Disability Justice**
Emily Harvey, Colo. 47188
1580 Logan Street, Suite 600
Denver, CO 80203
Tel: (303) 722-0300
eharvey@disabilityjustice.co

**ACLU National Prison Project**
Corene T. Kendrick, Cal. 226642*
Marisol J. Dominguez-Ruiz, Cal. 345416*
425 California Street, Suite 700
San Francisco, CA 94104
Tel: (202) 393-4930
ckendrick@aclu.org
mdominguez-ruiz@aclu.org

David C. Fathi, Wash. 24893**
Quinn Phillips, Mass. 717737**
915 15th Street, N.W.
Washington, D.C. 20005
Tel: (202) 393-4930
dfathi@aclu.org
eepstein@aclu.org
qphillips@aclu.org

*Admitted to D. Colo.
**Admitted to D. Colo. Not admitted in D.C.; practice limited to federal courts.

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on October 7, 2026, a copy of the foregoing was sent to all parties via electronic filing through CM/ECF upon the following:

Lily E. Nierenberg
Kolya D. Glick*
Senior Assistant Attorneys General
**Colorado Department of Law**
Ralph L. Carr Colorado Judicial Center
1300 Broadway, 10th Floor
Denver, CO 80203
Telephone: 720.508.6000
Lily.Nierenberg@coag.gov
Kolya.Glick@coag.gov

*Attorneys for Defendant*
*Governor Jared Polis*

Jennifer H. Hunt
Michele Mulhausen
Senior Assistant Attorneys General
Kevin G. Webster
Assistant Attorney General
**Colorado Department of Law**
Ralph L. Carr Colorado Judicial Center
Assistant Attorney General
1300 Broadway, 10th Floor
Denver, Colorado 80203
Telephone: (720) 508-6000
michele.mulhausen@coag.gov
kevin.webster@coag.gov
jennifer.hunt@coag.gov

*Attorneys for Defendant*
*Michelle Barnes*

Dated: October 7, 2026

*/s/ Jashan Kashyap*

**Ropes & Gray LLP**
Jashan Kashyap
191 North Wacker Drive, 32nd Floor
Tel: (312) 845-1141
Jashan.Kashyap@ropesgray.com